## FIDELITY & DEPOSIT CO. OF MARYLAND v. HAY et al., Waterworks Commissioners.

(Circuit Court of Appeals, Third Circuit. January 7, 1926.)

No. 3388.

**1. Subrogation ☞28—Surety, completing work of defaulting contractor, will be held to contract and bond obligation of contractor.**

Where contractor's surety completed work after default of contractor, it has right of subrogation only after it has fully settled claims of person for whose benefit bond was given, and obligee may retain money to pay such persons as provided in contract.

**2. Appeal and error ☞850(2)—Waiver of jury and trial by judge makes his findings same as verdict of jury.**

Waiver of jury and trial by judge makes his findings and verdict same as verdict of jury.

**3. Contracts ☞288—Surety, finishing work of defaulting contractor, not entitled to moneys already paid contractor on engineer's certificate.**

Where surety finished work of defaulting contractor, refusal to surcharge employer with moneys paid contractor on engineer's certificate *held* proper, where by the contract engineer had determination of payments.

**4. Appeal and error ☞1010(1)—Finding of trial judge without jury is conclusive.**

Finding that water commissioners acted within powers conferred by their agreement with contractor and surety in making certain payments for labor and material is conclusive, when not unwarranted.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Suit by the Fidelity & Deposit Company of Maryland against James D. Hay and others, Commissioners of Waterworks of the City of Erie. Judgment for plaintiff for less relief than demanded, and plaintiff brings error. Affirmed.

William P. Belden and Horace Andrews, both of Cleveland, Ohio, and Arthur W. Mitchell, of Erie, Pa., for plaintiff in error.

Charles H. English and F. B. Quinn, both of Erie, Pa. for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. By writing of December 29, 1919, the Halfhill Construction Company, hereafter called "Contractor," contracted with the commissioners of waterworks of Erie, Pa., here styled "Commissioners," to build a reservoir. By such contract, Contractor agreed that "the

said Commissioners shall have and are hereby given the authority to retain from any money due, or which may become due, to the said Contractor under this agreement, sufficient money to pay for any labor or materials furnished in the construction of the work, providing satisfactory evidence is not furnished to the Commissioners that all such labor and materials have been paid for." The Fidelity & Deposit Company of Maryland, hereafter called "Surety," became surety on the bond of Contractor, in which the latter covenanted to "do and perform all and singular the obligations and things contained in said contract."

Thereafter Contractor began the work and continued it until October 6, 1920, when it defaulted, leaving it about one-half done, and owing laborers and materialmen $20,369.60. Thereupon Commissioners called upon Surety to finish the work, which Surety did, and turned over the completed reservoir to Commissioners. Thereupon Surety, without itself paying the foregoing stated claims of labor and material men, or allowing Commissioners, as provided in the contract, "to retain from any money due or which shall become due to the said Contractor, under this agreement, sufficient money to pay for any labor or materials furnished in the construction of the work," claimed, and thereafter brought suit against Commissioners for, the entire unpaid contract price. Jury was waived and the case tried by the judge, who found that "unpaid claims have been presented for labor and material furnished to the Contractor in the performance of the work under the contract and specifications before the time of default, amounting in the aggregate to the sum of $20,369.60. Of the amount in the hands of the Commissioners the sum of $333.85 is admitted to be due to the plaintiff. The balance, amounting to $20,369.60, the Commissioners have withheld and refused to pay to the plaintiff as surety, because they claim the right to apply the same in payment of outstanding claims for labor and material furnished to the Contractor before its default, which claims are admitted to be due from the Halfhill Construction Company to such claimants." In an opinion, the judge upheld the right of Commissioners to retain sufficient funds to pay the labor and material men and entered judgment for Surety for a small overplus balance, saying: "The plaintiff as surety is entitled to judgment against the Commissioners for the sum of $333.85, the amount found to be remaining in the hands of the Commissioners in excess of all amounts which the Commissioners had the right to pay upon unpaid claims for labor and material furnished to the Contractor in the construction of said reservoir." He further denied the right of the plaintiff to recover the additional sum of $5,526.90, under circumstances later set forth. Thereupon Surety sued out this writ.

[1] Addressing ourselves to the retention of money to meet the labor and material claims, we think much confusion is caused by injecting subrogation into the case. The question was not one of subrogation, but of a contract and bond given by a contractor, conditioned that the contractor "do and perform all and singular the obligations and things contained in said contract," one of which things was that Commissioners were given authority "to retain from any money due or which may become due to the said Contractor, under this agreement, sufficient money to pay for any labor or materials," etc. When Contractor stopped, Surety simply took its place, and went on to finish the work. What its rights may have been if it, too, had declined to finish and Commissioners had completed, are matters and questions not before us. What did happen was that Surety stepped into Contractor's shoes and finished the work, and neither Surety nor Commissioners were in any different position than if Contractor had itself finished the work and called on Commissioners to settle. In either case, fulfillment of contract obligations by Contractor, or by its Surety for it, was a preliminary to a demand for settlement, and as Contractor, if it had completed the reservoir, could not have taken the unpaid money out of the hands of Commissioners without paying the labor and material men, no more can Surety, who completed the work. The question is one of the completion of Contractor's contract, and until that is done no question of subrogation arises. It follows, therefore, the judge committed no error in holding Surety to the contract and bond obligation of Contractor, and that "the surety has this right of subrogation, however, only after it has fully satisfied the claims of the person for whose benefit the bond was given."

[2, 3] Turning to the remaining questions, they arise by virtue of the court's refusal to increase the verdict found for the plaintiff by an additonal amount of $5,526.90. In that connection, we note we are here dealing with a writ of error to review a verdict, for the waiver of a jury and trial by judge

makes his findings and verdict the same as a verdict of a jury. So viewing the matter, we fail to find error in the judge's action. The first item involved is $800, the cost of a roadway built by Contractor and paid for by Commissioners, which sum Surety now seeks to surcharge with, and again recover from, Commissioners. The judge found that by the contract the engineer had the determination of payments and his certificate was conclusive; that the roadway, while not specified in the contract, was "necessary, and their existence inured to the benefit, not only of the Contractor, but also of that of any successor to him who should take up the work." Having acted on the certificate of the engineer—a course to which no objection was made when Surety undertook to finish the work—the judge declined, and rightfully, we think, to surcharge Commissioners for moneys already paid Contractor on the engineer's certificate.

[4] As to the remaining sum of $4,726.90, with which Surety seeks to surcharge Commissioners as improvidently paid Contractor or the labor and material men, we shall not attempt to discuss the matter in detail. It suffices to say it grew out of certain extra work which Contractor undertook, Commissioners furnishing the money to pay labor and material men and agreeing to pay Contractor 15 per cent. extra thereon as its profit, when the reservoir was completed. Contractor not only failed to pay the labor and material men all the money advanced by Commissioners, but had not finished the extra work when Surety took on its completion. Thereafter Surety and Commissioners agreed to certain payments being made to some, but not all, of these labor and material men. Evidence of all these dealings was given at the trial and accountants were called on both sides, who differed in view as to proper ways of accounting and settling, and the judge, after discussing the different contentions, finally held that "in paying these creditors and keeping the work moving thereby, the water commissioners were acting within the powers conferred by their agreement, both with the Contractor *and with the Surety.*" In this determination of the trial judge, which, as we have said, stands on the same basis as the verdict of a jury, Surety has not satisfied us there is any error of law, misconstruction of agreement or unwarranted finding of fact. Like the verdict of a jury, this verdict must therefore stand.

Accordingly we affirm the judgment entered thereon.